# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 08-40176

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN GERARDO VALDEZ-BARRIENTOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-cr-1019

Before JOLLY, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Juan Valdez-Barrientos was convicted below of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a)-(b). Prior to being deported, Barrientos was convicted of indecency with a child in violation of Texas Penal Code § 21.11(a)(1). Equating "indecency with a child" under Texas law with "sexual abuse of a minor" for purposes of § 2L1.2 of the Federal Sentencing Guidelines, the district court enhanced Barrientos' offense level by sixteen and imposed a sentence of seventy-eight months' imprisonment.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Rule 47.5.4.

Barrientos contends that § 21.11(a)(1) proscribes conduct beyond that falling within the ordinary and contemporary meaning of "sexual abuse of a minor," and therefore that his prior conviction under that statute is not a legitimate basis for a crime-of-violence enhancement under the Guidelines. Specifically, he argues that the definition of "child" under § 21.11(a)—a person less than seventeen years of age—is inconsistent with the contemporary and ordinary meaning of "minor" because, for purposes of many states' statutory rape laws, a person's "age of consent" is deemed to be sixteen. See generally United States v. Lopez-Deleon, 513 F.3d 472 (5th Cir. 2008) (discussing when children reach the age of consent under various states' statutory rape laws).

As Barrientos admits, we have already addressed the issue of whether a violation of § 21.11(a) constitutes sexual abuse of a minor for purposes of § 2L1.2; in answering in the affirmative, we have stated that "'a child younger than 17 years[]' is clearly a 'minor.'" United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000) (quoting § 21.11(a)); see also United States v. Najera-Najera, 519 F.3d 509, 511 (5th Cir. 2008) (relying on Zavala-Sustaita in stating "under generic-meaning analysis, a person younger than 17 years old is a 'child'"). Because our precedent forecloses Barrientos' argument, the judgment of the district court is AFFIRMED.