# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-40242

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ENRIQUE RUIZ-ARRIAGA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and WIENER and BENAVIDES, Circuit Judges.

EDITH H. JONES, Chief Judge:

Luis Enrique Ruiz-Arriaga pled guilty to illegal re-entry in violation of 8 U.S.C. § 1326 and was sentenced to 46 months imprisonment. He appeals his sentence on the grounds that the district court incorrectly calculated the appropriate Guideline range for a "crime of violence," and its alternate non-Guidelines sentence cannot be sustained. Because the court committed no reversible error, we AFFIRM.

## I. BACKGROUND

Ruiz-Arriaga was deported in July 2007 after being convicted of sexual assault of a child in Texas. TEX. PENAL CODE § 22.011(a)(2)(A), (c)(1). Three months after his deportation, he was again arrested and pled guilty to attempting illegally to re-enter the United States by telling an immigration

officer that he was a U.S. citizen born in Dallas, Texas. The presentence report (PSR) recommended a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), classifying the earlier statutory rape conviction as a crime of violence. As a result of this enhancement and other adjustments, Ruiz-Arriaga's PSR recommended a total offense level of 21 and criminal history Category III, corresponding to an imprisonment range of 46 to 57 months.

Ruiz-Arriaga submitted a written objection to the crime of violence enhancement. The district court overruled the objection and held that the correct guideline range was 46 to 57 months. During the sentencing hearing, however, the district court added that:

> . . . in the event that the court is incorrect about the guideline range, that a sentence at certainly something more than 10 to 16 months, which if the court were wrong is what—I haven't recalculated, but that's what [defense counsel] says would be the range. The court believes that a sentence of 46 months in custody would be reasonable, even if the court is not correct about the guideline range.

The district court added further comments on the sentence before concluding that Ruiz-Arriaga would serve 46 months imprisonment. He appeals this sentence.

## II. DISCUSSION

This court reviews a district court's interpretation and application of the Guidelines *de novo*. *See United States v. Alvarado-Hernandez*, 465 F.3d 188, 189 (5th Cir. 2006). Because we find that any interpretive error was harmless, *see United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006), we need not determine whether Ruiz-Arriaga's previous statutory rape conviction was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

During the sentencing hearing, the district court stated that it had considered the non-enhancement range offered by the defense and would have imposed the same sentence independently of the Guidelines in light of the seriousness and recent nature of the statutory rape conviction. Before a district

2

court imposes a non-Guideline sentence, it must first properly calculate the applicable Guideline range and provide fact-specific reasons consistent with the sentencing factors enumerated in section 3553(a). *See United States v. Tzep-Mejia*, 461 F.3d 522, 525-26 (5th Cir. 2006); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

As we noted in *United States v. Bonilla*, 524 F.3d 647 (5th Cir. 2008), "[n]ot all errors in determining a defendant's guideline sentence require reversal." *Id.* at 656. Where the district court "considered the possible guideline ranges that might apply to the defendant with and without a disputed enhancement for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)," and otherwise explains its sentence in terms of 18 U.S.C. § 3553, the resulting sentence does not result from an incorrect application of the Guidelines. *Id.* Here, the district court considered the 46 to 57-month range with the crime of violence enhancement and the 10 to 16-month range advocated by the defense.

This case would be indistinguishable from *Bonilla* but for an argument raised for the first time on appeal. Ruiz-Arriaga now asserts that the sentence range without the crime of violence enhancement, 10 to 16 months, suggested by his counsel during the sentencing hearing, was also incorrect. He claims that this range was based on a level that erroneously assigned him a criminal history point for an earlier Texas misdemeanor conviction for failing to identify himself as a fugitive to an officer. The elements of this conviction, he argues, were not similar to his current offense under U.S.S.G. § 4A1.2(c)(1). The correct range should have been 8 to 14 months, lowering the range by two months. Because this point of error was not argued before the district and given that this range was suggested by his counsel, we review this claim for plain error.

To prove plain error, Ruiz-Arriaga must "show (1) there was error, (2) the error was plain, (3) the error affected his 'substantial rights,' and (4) the error seriously affected 'the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007) (quoting

3

*United States v. Olano*, 507 U.S. 725, 732, 734, 113 S.Ct. 1770 (1993)). To satisfy the "substantial rights" prong, "in most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. Further, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id.*

First, we cannot attribute "plain" error to a district court decision when defense counsel affirmatively represented to the district court a sentencing range that appellate counsel now disavows. Trial counsel's misstatement essentially waives the argument for any other sentencing range in this appeal. It is well established that appellate courts may correct errors of law under a plain standard where trial counsel simply stood mute at sentencing and failed to object to the PSR. *United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993), *cert. denied*, 511 U.S. 1042, 114 S. Ct. 1565 (1994). This is because a "plain" error is one that the district court, in its oversight of sentencing, should have been alert to correct. Sentencing under the Guidelines is so complex, however, that the court should not be faulted for "plain" error when counsel's affirmative statements allay any possible concern.

Second, Ruiz-Arriaga has not shown that he was prejudiced by the alleged sentencing error. The district court, when considering the range that Ruiz-Arriaga now asserts was too high, dismissed the possibility of sentencing Ruiz-Arriaga to anything less than 16 months. Instead, the court stated that it would sentence him to "certainly something more than 10 to 16 months" regardless of the Guideline range. We have found that an error in applying the Guidelines "is reversible error in cases involving non-Guideline sentences only if the sentence *resulted from* the error." *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008) (emphasis added). It is hardly likely that the court would have responded differently to a two month difference in range when it so clearly rejected the slightly higher range. Without any evidence of prejudice, Ruiz-Arriaga cannot meet his burden under plain error review.

Ruiz-Arriaga also contends for the first time on appeal that the district court did not adequately explain its reasons for imposing his sentence. This procedural objection is without merit. We have acknowledged that "more than a brief statement may be required when a district court is presented with nonfrivolous arguments for a sentence outside the Guidelines." *Bonilla*, 524 F.3d at 657 (citing *Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007)). We have also declined to decide whether the adequacy of the trial court's reasoning is subject to plain error review when not objected to in the trial court. *Id.* Here, we also need not reach the standard of review question. The court noted its interest in protecting the public from further crimes,[1] and she criticized Ruiz-Arriaga's failure to make a serious effort to stay in Mexico after his deportation. As in *Bonilla* and *Rita*, the district court's statements on the record were adequate to establish that the sentence was reasonable and that the court properly applied the § 3553 factors.

## III. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is **AFFIRMED.**

---

[1] In so doing, the court relied in part on a letter submitted prior to sentencing by Ruiz-Arriaga's wife, claiming that his victim was only fourteen — a reliance permitted for sentencing purposes but not, under *Shephard*, for crime-of-violence determinations.