**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-20614
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO GONZALEZ,
Also Known as Gilberto Reyes Gonzalez, Also Known as Gilberto Gonzalez, Jr.,
also Known as Gilberto Gonzalez-Reyes,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CR-154-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gilberto Gonzalez appeals the seventy-month sentence imposed following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilty plea conviction of illegal reentry into the United States after deportation. He argues that the district court erred in applying a sixteen-level crime-of-violence ("COV") enhancement based on his prior Texas conviction of sexual assault of a child. He asserts that the Texas conviction does not constitute a COV within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it does not have as an element the use of force, nor does it constitute an enumerated offense. This court has not addressed whether the Texas crime of sexual assault of a child is a COV under § 2L1.2(b)(1)(A)(ii). *See United States v. Ruiz-Arriaga*, No. 08-40242, 2009 WL 941368, at *1-*2 (5th Cir. Apr. 9, 2009). Nevertheless, as he did before the district court, Gonzalez acknowledges that under this court's precedent, his Texas conviction of indecency with a child does constitute a COV under § 2L1.2(b)(1)(A)(ii). *United States v. Ayala*, 542 F.3d 494, 495 (5th Cir. 2008) (*citing United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000)), *cert. denied*, 129 S. Ct. 1388 (2009). Gonzalez therefore concedes that the district court did not err in applying the enhancement.

Gonzalez contends that his sentence is procedurally unreasonable because the district court failed to provide reasons for the within-guidelines sentence or for denying his nonfrivolous argument for a below-guidelines sentence. Where a defendant has failed to object on specific grounds to the reasonableness of his sentence, thereby denying the court the opportunity to identify and correct any mistake, we review for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). After sentence was imposed, Gonzalez objected on the basis that it was "unreasonable" in light of 18 U.S.C. § 3553(a) "because it imposes a sentence that is greater than necessary to effectuate the purposes of punishment in that statute." That objection, however, was not sufficient to preserve Gonzalez's procedural claim of error, *see United States v. Mondragon-Santiago*, No. 07-41099, 2009 WL 782894, at *1, *3 (5th Cir. Mar. 26, 2009), so the claim is reviewed for plain error, *see id*.

To establish plain error, he must show an error that is clear or obvious and

that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court denied Gonzalez's request for a below-guidelines sentence without giving reasons. The total explanation for the sentence was as follows: "The Court has considered the advisory guidelines and finds that a sentence within the guideline range is consistent with and takes into account all the purposes of Section 3553(a), although I do believe that a sentence on the low end of the guideline, as the government has suggested, is appropriate."

Gonzalez is correct that the court did not adequately explain its reasons. *See Mondragon-Santiago,* 2009 WL 782894, at *5. The sentence, however, is within the advisory guideline range. Furthermore, Gonzalez fails to show that an explanation would have changed the length of the sentence. Thus, he has not established that the error affected his substantial rights. *See id.* at *7.

Because Gonzalez has withdrawn his claim challenging the calculation of his criminal history score, we do not review the issue. The judgment of sentence is AFFIRMED.