# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-41291
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAVIER MEJIA MACIAS, also known as Javier Macias

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1213-1

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Javier Mejia Macias (Mejia) appeals the 70-month sentence imposed following his guilty-plea conviction on one count of unlawfully attempting to reenter the United States, in violation of 8 U.S.C. § 1326(b). Finding no error, we affirm.

In calculating Mejia's sentencing guidelines range of 70 to 87 months, the district court included a 16-level crime-of-violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on Mejia's prior California offense of willful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

infliction of corporal injury. Mejia contends that this offense, which falls under § 235(a) of the California Penal Code, does not qualify as a crime of violence. Thus, he argues, the district court committed reversible procedural error by imposing the enhancement based on the § 235(a) offense.

We have not had occasion to address whether this particular offense constitutes a crime of violence and we need not do so now. *See United States v. Ruiz-Arriaga*, 565 F.3d 280, 282 (5th Cir. 2009). The district court made it clear that even if it was incorrect about the application of the enhancement, it would impose the same 70-month sentence. Our review of the record satisfies us that the district court properly imposed an alternative nonguidelines sentence, giving proper consideration to the arguments of the parties and the information in the presentence report and providing sufficient reasons for the sentence it chose. *See id.*; *United States v. Bonilla*, 524 F.3d 647, 657-59 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009).

The judgment of the district court is AFFIRMED.