**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-20643
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO VELASQUEZ-MARTINEZ, also known as Rodolfo Martinez, also known as Rodolfo M Velasquez, also known as Rodolfo Velasquez, also known as Rodolfo Martinez-Velasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-276-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rodolfo Velasquez-Martinez was convicted of one count of illegal reentry into the United States following conviction of an aggravated felony and was sentenced to serve 42 months in prison. Velasquez-Martinez appeals his sentence. Velasquez-Martinez first argues that the district court committed significant procedural error by imposing a sentence within the pertinent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range without giving specific reasons for rejecting his non-frivolous arguments in favor of a sentence below this range. We review this issue for plain error due to his failure to present it to the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009). To show plain error, Velasquez-Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if the district court erred by not providing adequate reasons for rejecting Velasquez-Martinez's arguments, Velasquez-Martinez still has not shown that he should receive relief on this claim. This is because Velasquez-Martinez has failed to show that a more extensive explanation for his sentence would have resulted in his receiving a different sentence. *See Mondragon-Santiago*, 564 F.3d at 362-64. Velasquez-Martinez's argument that the district court's error affected his substantial rights because it hampers our ability to review the reasonableness of his sentence is unavailing. *See Mondragon-Santiago*, 564 F.3d at 365.

Velasquez-Martinez also argues that the district court reversibly erred by applying a 16-level crime of violence adjustment to his base offense level for his prior Texas conviction for indecency with a child. He contends that this conviction does not constitute a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it was for an offense that does not have as an element the use of force, nor does it constitute an enumerated offense. This argument is, as he acknowledges, unavailing because it is foreclosed by precedent. *See United States v. Ayala*, 542 F.3d 494, 495 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1388 (2009).

The judgment of the district court is AFFIRMED.