**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-40788
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENIL JOSUE CRUZ, also known as Josue Galindo-Cruz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-394-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Enil Josue Cruz pleaded guilty to one count of illegal reentry into the United States after a previous deportation and was sentenced to serve 46 months in prison. Cruz appeals his sentence. Cruz argues first that the district court reversibly erred by applying a 16-level crime of violence adjustment to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He contends that his Texas conviction for indecency with a child does not qualify as the enumerated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime of sexual abuse of a minor under the United States Sentencing Guidelines because Texas defines the age of sexual consent as 17 years old and the contemporary and common meaning of the word "minor" is 16 years of age. *See* Tex. Penal Code § 21.11. This argument is, as he acknowledges, foreclosed by precedent. *See United States v. Ayala*, 542 F.3d 494, 495 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1388 (2009).

Cruz also argues that the district court committed significant procedural error by imposing a sentence within the pertinent guidelines range without giving specific reasons for rejecting his nonfrivolous arguments in favor of a sentence below this range. We review this issue for plain error only due to his failure to present it to the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). To show plain error, Cruz must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if the district court erred by not providing adequate reasons for rejecting Cruz's arguments, Cruz still has not shown that he should receive relief on this claim. Cruz has failed to show that a more extensive explanation for his sentence would have resulted in a different sentence. *See Mondragon-Santiago*, 564 F.3d at 362-64. Cruz's argument that the district court's error affected his substantial rights because it hampers our ability to review the reasonableness of his sentence is unavailing. *See id.* at 365.

The judgment of the district court is AFFIRMED.