## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

No. 08-10131
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO MARTIN ROSALES-MARTINEZ, also known as Martin Pablo
Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-254-ALL

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pablo Martin Rosales-Martinez pleaded guilty to violating 8 U.S.C. § 1326 by reentering the United States after having been deported. Finding that Martinez had a prior Texas conviction for indecency with a minor, the district court enhanced his base offense level on account of a felony conviction of a crime of violence and sentenced him to 36 months in prison, which was below the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range.[1] Because he did not object to the enhancement or the sentence, review is for plain error.[2]

Counsel for Martinez twice moved to withdraw pursuant to *Anders v. California*.[3] We denied both motions because of insufficient documentation in the record that would identify the statute that was the basis for Martinez's Texas conviction. The parties have now supplemented the record with appropriate documents from the state court.[4]

Martinez contends that the record did not establish definitively that he had been convicted of indecency with a child under TEXAS PENAL CODE § 21.11(a)(1). He asserts the state record equally supports a finding that he had been convicted of sexual assault under TEXAS PENAL CODE § 22.011(a)(2)(A), which he contends is not a conviction for a crime of violence. We disagree.

The jury instructions produced by the Government in response to our earlier order show that Martinez was charged with committing the crime of indecency with a child by engaging "in sexual contact with a child younger than 17 years of age and not his spouse." The language of the instructions tracks the language of § 21.11(a)(1), which criminalizes conduct that this court has held constitutes a crime of violence for purposes of § 2L1.2, specifically, the

---

[1] *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[2] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), petition for cert. filed (June 24, 2009) (No. 08-11099).

[3] 386 U.S. 738 (1967).

[4] *See Shepard v. United States*, 544 U.S. 13, 15 (2005).

enumerated offense of sexual abuse of a minor.[5]  Given the language in the jury instructions, there is no longer any question that Martinez was convicted under § 21.11(a)(1).

Martinez's Texas conviction was for a crime of violence.  Accordingly there was no error and the district court's judgment is AFFIRMED.

---

[5] *See United States v. Ayala*, 542 F.3d 494, 495 (5th Cir. 2008).  We have also held that a violation of § 21.11(a)(2) constitutes the offense of sexual abuse of a minor.  *See United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000).  Thus, a conviction under either subsection of § 21.11 would be for an offense that constitutes a crime of violence.