**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-11088
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELISEO MENDOZA-HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-176-ALL

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eliseo Mendoza-Herrera appeals the 34-month sentence imposed following his guilty plea conviction for possession with intent to use or transfer unlawfully five or more authentication features, in violation of 18 U.S.C. § 1028(a)(3) and (b)(2). In calculating Mendoza-Herrera's sentencing guidelines range of 30 to 37 months of imprisonment, the district court included a nine-level enhancement pursuant to U.S.S.G. § 2L2.1(b)(2)(C), based on the district court's finding that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mendoza-Herrera's offense conduct involved 100 or more documents. Mendoza-Herrera contends that the district court erred in applying this enhancement.

The district court made clear that it would have imposed the same 34-month sentence even if it were incorrect about the application of the § 2L2.1(b)(2)(C) enhancement. Because the district court did not commit reversible error in imposing this alternative non-Guidelines sentence, we need not address whether the § 2L2.1(b)(2)(C) enhancement was applicable here. Mendoza-Herrera argues that his sentence may not be affirmed based on the district court's alternative sentence because the district court, in deciding the alternative sentence, did not explicitly calculate or otherwise acknowledge what the guidelines range would have been without the § 2L2.1(b)(2)(C) enhancement. This argument is considered under the plain error standard of review because it was not raised in the district court. *See United States v. Ruiz-Arriaga*, 565 F.3d 280, 282 (5th Cir. 2009), *cert. denied* --- S.Ct. ----, 2009 WL 1983769 (U.S. Oct. 5, 2009) (No. 09-5203); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

To show plain error, Mendoza-Herrera must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If Mendoza-Herrera makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* "To satisfy the 'substantial rights' prong, 'in most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" *Ruiz-Arriaga*, 565 F.3d at 282 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). In light of the district court's comments at sentencing in support of its alternative sentence, Mendoza-Herrera has not met his burden of showing that the outcome of the proceedings was affected by any error by the district court in failing to consider the guidelines

2

range that would have been applicable without the § 2L2.1(b)(2)(C) enhancement. *See id.* at 283.

The judgment of the district court is AFFIRMED.