# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2010

No. 09-40475
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY MUQELL JILES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-54-1

Before GARWOOD, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Corey Muqell Jiles appeals the 35-month concurrent sentences imposed in April 2009 by the district court following his guilty plea conviction on each of two counts of transporting illegal aliens for profit. Jiles argues that the district court committed reversible error by adjusting his offense level under U.S.S.G. § 2L1.1(b)(6). He argues that the facts of his case are substantially the same as those in *United States v. McKinley*, 272 F. App'x 412 (5th Cir. 2008), in which this court found that the § 2L1.1(b)(6) adjustment was not applicable. The facts

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the instant case are virtually indistinguishable from those in *McKinley*, 272 F. App'x at 414. It is thus arguable that the district court's application of § 2L1.1(b)(6) was error.

"Not all errors in determining a defendant's guideline sentence require reversal." *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009). Where a district court considers the sentencing ranges that might apply to defendant with and without a disputed enhancement and otherwise explains its sentence in terms of § 3553, the resulting sentence does not result from an incorrect application of the Guidelines. *United States v. Ruiz-Arriaga*, 565 F.3d 280, 282 (5th Cir.), *cert. denied*, 130 S. Ct. 227 (2009); *see also United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008) (an incorrect application of the Guidelines is reversible error only if the non-Guideline sentence "resulted" from the error).

The district court determined that without the reckless endangerment adjustment, Jiles's advisory sentencing range would have been 15 to 21 months of imprisonment. The court stated that

> "[i]n the event that the court is wrong as far as the application of the reckless endangerment, nonetheless the court believes that a sentence of something more than what the guideline range would be . . . without the reckless endangerment, just so that we're clear here, without the reckless endangerment we would be looking at . . . fifteen to 21 months. And the court does not think that under the circumstances both of offense and the manner in which it was committed and of the history that I have here as to your own prior criminal history that a sentence in that range would be appropriate. The court believes that a sentence of 35 months is an appropriate and reasonable sentence in this case, and the court would impose that sentence, even if it were wrong about the reckless endangerment."

Jiles also argues (as he did below, 3 R. 149) that his non-guideline sentence is substantively unreasonable. We review the substantive reasonableness of the non-Guideline sentence for abuse of discretion. *Gall v. United States*, 128 S.Ct. 586, 597-98 (2007); *United States v. Simmons*, 568 F.3d

564, 566 (5th Cir. 2009). We are unable to conclude that the district court abused its discretion in determining that the 35 month sentence imposed was reasonable. The district court gave extensive consideration to Giles' argument but determined that the record counseled in favor of a sentence at the low end of the enhanced range. The trial court considered the premeditated nature of the conduct, the fact that the defendant did not know who he was transporting into the United States, the defendant's previous criminal conduct, and the manner in which the crime was committed. In fact, the district court made a finding of fact that the defendant transported these aliens in an inhumane fashion. Contrary to Giles' argument otherwise, the district court's statements on the record were adequate to establish that the alternative non-Guideline sentence was substantively reasonable and that the court properly considered and applied the 18 U.S.C. § 3553(a) factors. Accordingly, the sentence is AFFIRMED.