# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

No. 10-20057
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SIMON SERRATO MANCERA, also known as Simon Mancera Serrato, also known as Simon Serrato, also known as Jose Zamora, also known as Simon Serrato-Mancera,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-441-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Simon Serrato Mancera appeals the 70-month sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation and following a conviction for an aggravated felony in violation of 8 U.S.C. § 1326.  He contends that his within-guidelines sentence is procedurally unreasonable because the district court failed to adequately explain the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. Because Serrato Mancera did not object to the district court's failure to adequately explain the sentence in the district court, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Serrato Mancera concedes as much but seeks to preserve for further review his contention that an objection is not required.

The record reflects that the district court considered Serrato Mancera's mitigation arguments and ultimately concluded that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the 18 U.S.C. § 3553(a) factors. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Nevertheless, even if this court were to conclude that the district court failed to adequately explain the sentence, Serrato Mancera has not shown that the error affected his substantial rights because there is no indication that a more thorough explanation would have changed his sentence. *See Mondragon-Santiago*, 564 F.3d at 365. Further, as Serrato Mancera concedes, this court has rejected his argument that the district court's failure to address his mitigation arguments deprived this court of the ability to conduct meaningful appellate review. *See id.* Therefore, there is no reversible plain error.

Serrato Mancera also contends that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of § 3553(a) and represents a clear error in judgment in balancing the sentencing factors. Specifically, he argues that the district court failed to give proper weight to the mitigating facts underlying his prior conviction for indecency with a child, as well as the compelling family circumstances that motivated his return to the United States.

When, as here, the district court imposes a sentence within a properly-calculated guidelines range, this court applies a presumption of reasonableness to the sentence, inferring that the district court considered the relevant sentencing factors. *Rita*, 551 U.S. at 347; *United States v.*

*Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Serrato Mancera asserts that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption that his sentence is reasonable. However, as Serrato Mancera concedes, this court has held that an appellate presumption of reasonableness can be applied "[e]ven if the Guidelines are not empirically-grounded." *Mondragon-Santiago*, 564 F.3d at 366.

As previously stated, the district court considered Serrato Mancera's mitigation arguments and ultimately concluded that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Serrato Mancera's assertions that the facts surrounding his prior conviction and his motive for reentering the United States justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Therefore, Serrato Mancera has not shown that his within-guidelines sentence is substantively unreasonable.

Finally, Serrato Mancera contends that the district court erred by imposing a 16-level crime of violence enhancement based on his prior Texas conviction for indecency with a child by contact, a violation of TEXAS PENAL CODE § 21.11(a)(1). He argues that the Texas conviction is not within the enumerated offense of sexual abuse of a minor because an offense under § 21.11(a)(1) can be committed against a victim who is 16 years of age. As Serrato Mancera concedes, his argument is foreclosed by circuit precedent. *See United States v. Ayala*, 542 F.3d 494, 495 (5th Cir. 2008); *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000). Accordingly, the district court's judgment is AFFIRMED.