# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2011

No. 10-30974
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD MONTALBANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-294-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Montalbano appeals the sentence imposed for his conviction for three counts of healthcare fraud in violation of 18 U.S.C. § 1347. The district court imposed consecutive terms of 12 months of imprisonment on all counts for a total term of imprisonment of 36 months, concurrent terms of three years of supervised release on all counts, a fine of $115,228.24, and restitution of $22,051.24.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

There is no reversible plain error in the imposition of the term of imprisonment. The imposition of consecutive sentences was not a departure triggering the notice requirement of Federal Rule of Criminal Procedure 32(h). *See Irizarry v. United States*, 553 U.S. 708, 714, 716 (2008). The district court's factual findings were not clearly erroneous, *see United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006), and any findings implicating factual disputes that could have been resolved by the district court if Montalbano had objected or presented rebuttal evidence do not constitute plain error, *see United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Though the imposition of three consecutive 12-month sentences does not comply with U.S.S.G. § 5G1.2(c) because it exceeds the total punishment of six to 12 months, Montalbano has failed to carry his burden of demonstrating that the error affected his substantial rights. *See United States v. Ruiz-Arriaga*, 565 F.3d 280, 282-83 (5th Cir. 2009). Montalbano's assertion that the district court failed to give any or sufficient reasons to support its departure or variance from the Guidelines is waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010). Montalbano has also failed to demonstrate that the term of imprisonment was substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

In addition, there is no reversible plain error in the imposition of the fine. The record demonstrates that the district court gave reasons for imposing the fine. Montalbano has not shown that he was entitled to notice of the district court's intent to impose a fine that was higher than the guidelines range. *See Irizarry*, 553 U.S. at 716. Though the district court was not required to impose a fine representing the costs of confinement and supervision in addition to a punitive fine, *see* U.S. SENTENCING GUIDELINES MANUAL app. C, Vol. 1, Amendment 572, at p. 427 (Nov. 1, 1997), § 5E1.2(d)(7), Montalbano has failed to carry his burden of demonstrating that the error affected his substantial rights. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006).

No. 10-30974

Montalbano has also failed to demonstrate that the fine was substantively unreasonable. *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.