# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2012

Lyle W. Cayce
Clerk

No. 11-30488
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAY A. AGUILLARD,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-90-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ray A. Aguillard appeals his conviction and 240-month sentence imposed following a guilty plea to mail fraud. He argues on appeal that his sentence is both procedurally and substantively unreasonable, and that the government breached the terms of the plea agreement.

First, Aguillard argues that his sentence is procedurally unreasonable because the district court did not provide adequate reasons to justify the imposition of the maximum statutory sentence of 240 months or to make such

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an extensive upward variance from the guidelines range of 63 to 78 months. Because he failed to object in the district court to the adequacy of the reasons for the sentence, our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* A district court must provide legally sufficient reasons to allow for meaningful appellate review, especially if the sentence involves an extensive variation from the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 997 (2011).

The district court provided numerous specific reasons for its sentencing decision—including the 18 U.S.C. § 3553(a) factors—prior to imposing the maximum statutory punishment. It was clear from the district court's comments that it had determined that the case was unique in light of the devastating financial and emotional impact on the victims and their families and that it had concluded that Aguillard's case fell "outside the heartland" to which the Guidelines were intended to apply. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007). The district court's detailed explanation allowed for meaningful appellate review and does not constitute error, much less plain error. *See Puckett*, 556 U.S. at 135.

Second, Aguillard argues that his sentence is substantively unreasonable because the aggravating factors did not justify the extent of the upward variance and because the district court gave too much weight to factors that were already incorporated into the guidelines calculation without giving him credit for his acceptance of responsibility and his lack of a criminal history. He contends that no consideration was given to the fact that he was 60 years old or to his inability to pay restitution upon his release from prison. He also alleges that there is a

disparity between the sentence he received and the sentences imposed on similar defendants.

We ordinarily review the substantive reasonableness of a sentence for abuse of discretion in light of the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). But Aguillard did not object to the findings in the presentence report (PSR), and he confirmed that he had no objection to the findings at sentencing. His general objection made after his sentence was imposed may not have been sufficient to preserve the errors he asserts on appeal. *See United States v. Neal,* 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Dunnigan*, 555 F.3d 501, 506 (5th Cir. 2009). However, we need not determine the precise standard of review because his arguments fail even under the more favorable abuse of discretion standard. *See United States v. Ruiz-Arriaga*, 565 F.3d 280, 283 (5th Cir. 2009).

We have previously rejected Aguillard's argument that the district court erred in giving additional weight to factors that were already included in calculating the guidelines range. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). The district court properly considered the fact that a majority of the forty victims deceived by Aguillard were older working people who had their entire life savings stolen from them and who were emotionally devastated by their inability to recover their cumulative losses of nearly $4 million. *Id.* at 811. Additionally, Aguillard's age is a factor that "is not ordinarily relevant in determining whether a departure is warranted." *See* U.S.S.G. 5H1.1. Moreover, his admission that he spent all the stolen funds makes it doubtful that he could pay restitution no matter when he is released from prison.

Contrary to Aguillard's assertion, his acceptance of responsibility and lack of criminal history were considered in determining his guidelines range, which was significant because it was the starting point for the upward variance. *See United States v. Pizzolato*, 655 F.3d 403, 410 (5th Cir. 2011), *cert. denied.* 132 S. Ct. 1126 (2012). And pursuant to the Crime Victims' Rights Act, 18 U.S.C. §

3771, and Federal Rule of Criminal Procedure 32(i)(4)(B), the district court was required to allow statements to be made by the victims who were present at the sentencing hearing. Thus, Aguillard's contention that the government's presentation of the victims' testimony rendered his sentence unreasonable has no merit.

Additionally, Aguillard cannot show error based on the disparity in his sentence and the sentences imposed on other defendants in similar cases because he cannot show that the aggravating and mitigating circumstances in those cases were not distinguishable from those present in his case. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). The sentence imposed was not greater than necessary to meet the goals of the § 3553(a) factors, and the upward variance was reasonable in light of the totality of the circumstances in this case. The 240-month sentence was substantively reasonable and did not reflect error or an abuse of discretion on the part of the district court. *See Gall,* 552 U.S. at 51; *Key,* 599 F.3d at 475–76.

Finally, Aguillard asserts that the government breached the plea agreement by arguing that the statutory maximum sentence should be imposed and by presenting the testimony of a number of victims who also requested the statutory maximum penalty. He acknowledges that review is for plain error. *See United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005).

The government complied with its express promises made in the plea agreement by recommending an additional one-point reduction for Aguillard's acceptance of responsibility and by not filing additional criminal charges against him. The plea agreement reflects that no other promises were made by the government to Aguillard. The plea agreement permitted the government to take a position at sentencing and to make a sentencing recommendation. *See United States v. Block,* 660 F.2d 1086, 1090 (5th Cir. 1981). As discussed, the victims were entitled to give a statement about the penalty to be imposed. The record

does not show any breach of the plea agreement that constitutes plain error. *See United States v. Reeves,* 255 F.3d 208, 210 (5th Cir. 2001).

Aguillard's conviction and sentence are AFFIRMED.