**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

No. 12-40099
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELDRED JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-872-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eldred Johnson appeals his 42 month sentence imposed following his guilty plea conviction for possession with intent to distribute less than 50 kilograms of marijuana. *See* 21 U.S.C. § 841. He argues that the district court erred in finding that a prior Texas conviction for assault was a crime of violence, which qualified him for an enhancement as a career offender under U.S.S.G. § 4B1.1. However, Johnson also argues that the district court erred by failing to rule on his objection to this enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

There is some conflicting evidence in the record regarding whether the district court ruled on the objection. At sentencing, the district court stated that it was not ruling on the objection because its selection of a sentence pursuant to 18 U.S.C. § 3553 made a decision unnecessary; however, the district court also adopted the PSR, which included the career offender enhancement in its calculations, and the Statement of Reasons indicates that the sentence was both within the guidelines range and outside of the guidelines. Because Johnson did not object in the district court to any failure to rule on his objection, we review for plain error. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that a sentencing error affected his substantial rights, an appellant must demonstrate a reasonable probability that he would have received a lesser sentence but for the error. *United States v. John,* 597 F.3d 263, 284-85 (5th Cir. 2010). For the reasons discussed below, Johnson has not shown a reasonable probability that he would have received a lesser sentence but for the failure to rule on his objection.

Johnson's primary argument on appeal is that his prior Texas conviction for "assault-family violence" was not a crime of violence under § 4B1.2. Even if the district court erroneously found that Johnson was a career offender, "[n]ot all errors in determining a defendant's guideline sentence require reversal." *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008). If a district court has "considered the possible guideline ranges that might apply to the defendant with and without a disputed [guidelines] enhancement," and it "otherwise explains its sentence in terms of 18 U.S.C. § 3553," any error will be harmless because the resulting sentence "does not result from an incorrect application of the

Guidelines." *United States v. Ruiz-Arriaga,* 565 F.3d 280, 282 (5th Cir. 2009) (internal quotation marks omitted).

At sentencing, defense counsel informed the district court that the guidelines range without the career offender enhancement would be only 18-24 months of imprisonment. After imposing its sentence, the district court explained that it had not chosen a guidelines sentence, either with or without the enhancement; instead, it stated that it had considered both sets of possible guidelines and then applied the § 3553(a) factors. It concluded that a lesser sentence would not deter Johnson from future criminal conduct or protect the public, that Johnson's history and characteristics showed "a total disregard for the law, and for his children, and for the mothers of those children," and that Johnson had not been deterred from additional criminal conduct despite past sentences totaling 142 months of imprisonment. Because the record demonstrates that the district court considered both possible guidelines ranges and provided an explanation for its choice of sentence under § 3553(a), any error in determining the career offender issue was harmless. *See Ruiz-Arriaga,* 565 F.3d at 282.

AFFIRMED.