# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2021

Lyle W. Cayce
Clerk

No. 20-40697

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HUGO CESAR TORRES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-191-1

Before JONES, SOUTHWICK, and COSTA, *Circuit Judges*.

PER CURIAM:*

Hugo Cesar Torres pled guilty to a violation of 8 U.S.C. § 1326. On October 13, 2021, he was sentenced to 46 months in prison. On appeal, Torres argues for the first time that the district court committed reversible error in assessing separate criminal points for two convictions not separated

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40697

by an intervening arrest and for which the sentences were imposed on the same day.  We AFFIRM.

## FACTS

This is the third time that Torres has been apprehended in the United States without legal right to be here.  He was first deported in January 2016, and then again in July 2019.  This third proceeding was brought after Torres was found illegally present in December 2019.

Relevant to this appeal, on June 15, 2009, Torres—in his truck—approached a couple walking and called to the woman by name.  When she ignored him, Torres fired a shot at the pair and sped off.  Just a week later, on June 22, 2009, Torres and a companion were discovered by a homeowner as they were in the act of stealing the radio from the man's car.  As the two attempted to flee, the homeowner caught Torres's companion.  Torres shot twice at the homeowner and then escaped by car.  Later that day, police spotted the car at a fast-food restaurant.  Torres was apprehended and arrested.  He had marijuana in the car and on his person at the time of the arrest.

The state charged Torres by separate indictments for the aggravated assault of June 15 and the aggravated robbery of June 22.  He pled guilty to both on May 17, 2010.  He was also charged for possession of marijuana and pled guilty to that offense on May 20, 2010.  Following a period of incarceration, Torres was deported—for the first time—on January 19, 2016.

In September 2017, Torres was again found in the United States.  He was sentenced to 24 months in prison and then deported on July 9, 2019.  Five months later, Torres was discovered a third time in the United States, which resulted in the instant charge of illegal reentry.

No. 20-40697

The Presentence Investigation Report ("PSR") assessed, among other points, three points for the aggravated assault, three points for the aggravated robbery, and one point for the possession of marijuana found on Torres when he was arrested for the robbery of the car stereos. That single extra point tipped Torres from Category IV (with a Guidelines range of 46 to 57 months) to a Category V (with a Guidelines range of 57 to 71 months).

Torres objected to the extra point assessed for the marijuana conviction. He claimed the marijuana was not his, and argued the extra point overrepresented his criminal history, because it was part of the aggravated robbery charge. In writing, he requested a downward departure to 46 months, and orally at sentencing he asked for 36 months.

The Government countered that although the "charges happened contemporaneously the facts support[ed] the charging of both the felony and misdemeanors." Torres was charged by separate indictments for the two offenses—aggravated robbery and possession of marijuana—and the cases were "adjudicated in different courts on different days." The district court departed downward and sentenced Torres to 46 months.

On appeal, Torres is leveling a similar objection against a different part of his criminal history calculation. He contends that the aggravated assault and aggravated robbery cannot be counted separately for purposes of his criminal history calculation.

## DISCUSSION

This court "reviews the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Ocana*, 204 F.3d 585, 588 (5th Cir. 2000). Where a defendant fails to raise an objection in the district court, we will review only for plain error. *United States v. Anderton*, 901 F.3d 278, 282 (5th Cir. 2018).

No. 20-40697

Rule 52 permits the court to consider "[a] plain error that affects substantial rights . . . even though it was not brought to the court's attention." FED. R. CIV. P. 52(b). Plain error review "requires four determinations: whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Importantly, "[t]o satisfy the 'substantial rights' prong, 'in most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" *United States v. Ruiz-Arriaga*, 565 F.3d 280, 282 (5th Cir. 2009) (citing *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993)).

The Sentencing Guidelines direct that "[i]f there is no intervening arrest, prior sentences are counted separately unless . . . (B) the sentences were imposed on the same day." U.S. Sent'g Guidelines Manual § 4A1.2(a)(2) (2010). Although "a court might conclude that the intent of the Guidelines is to count sentences for demonstrably different offenses separately," this Court has held that the "literal language" of the Guidelines must be applied. *United States v. Espinoza*, 677 F.3d 730, 736 (5th Cir. 2012). In Torres's case, there was no intervening arrest and the sentences were imposed on the same day.

The Government has conceded its calculation error and admits that Torres meets the first and second prongs of plain error review. However, the Government argues that Torres cannot meet the third and fourth prongs, and that Torres's sentence should therefore be affirmed. We agree.

Torres has not shown that the calculation error affected his substantial rights. A sentencing error "affects a defendant's substantial rights if he 'can

show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence.'" *United States v. John*, 597 F.3d 263, 284–85 (5th Cir. 2010) (citing *United States v. Price*, 516 F.3d 285, 289 (5th Cir. 2008)). When examining this question, we ask "[w]hat was driving *this* judge's decision to impose *this* sentence for *this* defendant?" *United States v. Sanchez-Hernandez*, 931 F.3d 408, 411 (5th Cir. 2019). Here, the court made clear the bases on which it was imposing the 46-month sentence.

During the hearing, the district court judge noted that Torres's conviction for aggravated robbery was "a very serious conviction," and that both of the earlier convictions pose "a danger to the community." When Torres's attorney argued the marijuana conviction improperly inflated Torres's criminal history, the judge agreed to move to Category IV, but insisted 46 months was as low as she would go because of the seriousness of the earlier convictions, the speed with which Torres flouted American law by re-entering the United States just five months after his second deportation, and because it was clear that Torres is familiar with the criminal system and attendant penalties—which presumably makes his choice to break the law all the more knowing. The court noted this behavior "is completely unacceptable," and "a complete disregard for the law of this country," and that there is "a need to deter [Torres], protect the community, and promote respect for the laws of this country." Finally, and crucially, the district court agreed that the sentence was long: "this is more time and it should be, even with the pandemic, because there's a need to deter you."

It is clear from the record that the district court imposed a 46-month sentence because of Torres's propensity for recidivism. In *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), the Supreme Court held that "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist," and that "[t]he record

in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 1346. "That explanation," the Court held, "could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *Id.* at 1347. That is certainly the case here. Unlike in *Molina-Martinez*, where the "District Court said nothing specific about why it chose the sentence it imposed," and "merely 'adopt[ed] the . . . guideline applications in the presentence investigation report,'" *id.*, the district court in this case gave a clear account of its reasoning. The court unambiguously noted that Torres's crimes posed a danger to the community and evinced unacceptable disrespect for the laws and sovereignty of the United States of America.

Because Torres has not shown a reasonable probability that he would have received a shorter sentence, the district court's sentence is AFFIRMED.