# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10464

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERTO NAJERA-NAJERA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

JENNIFER W. ELROD, Circuit Judge:

Does "indecency with a child" under Texas law constitute a "crime of violence" for purposes of the Federal Sentencing Guidelines? The district court answered "yes" and enhanced Appellant's sentence for illegal reentry accordingly. We affirm.

## I. BACKGROUND

Appellant Roberto Najera-Najera pled guilty in the district court below to one count of illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). On January 27, 2006, prior to his

deportation, Najera pled guilty to indecency with a child in violation of Texas Penal Code § 21.11(a)(1).[1]

The Guidelines provide for a base offense level of 8 for the crime of illegal reentry. See U.S.S.G. § 2L1.2(a) (2006). However, § 2L1.2(b)(1)(A)(ii) provides for a 16 offense level increase if a person convicted of illegal reentry was previously convicted of a "crime of violence." The Application Notes to § 2L1.2 enumerate generic offenses that count as crimes of violence; one of them is "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

Concluding that a violation of § 21.11(a) amounts to "sexual abuse of a minor" for purposes of § 2L1.2(b)(1)(A)(ii), the district court increased Najera's offense level by 16—but decreased it by 3 in light of Najera's acceptance of responsibility—making his total offense level 21. The district court imposed a prison term of 57 months, the maximum sentence within the applicable Guideline range.

Najera appeals the district court's determination that his prior offense constitutes a crime of violence under § 2L1.2(b)(1)(A)(ii). He admits he failed to preserve the issue by objecting to the enhancement at sentencing. Najera also argues that the enhancement of his sentence based on a fact not charged in the indictment—his prior conviction—violates his Sixth Amendment rights.

## II. DISCUSSION

### A. Crime of Violence Enhancement

Assuming preservation of the issue, a district court's characterization of a prior conviction as a crime of violence "is a question of law that we review de novo." United States v. Izaguirre-Flores, 405 F.3d 270, 272 (5th Cir. 2005). However, because Najera did not object to the basis of enhancement, the district

---

[1] Although we do not rely on such facts in the analysis that follows, the Presentence Report prepared in Najera's case alleged that, according the arrest report, Najera's victim was a 13-year-old girl who, at the time of the incident, was inebriated. During the sentencing colloquy for his most recent offense, the district court asked Najera if he could "think of anything that [was] not correct in the Presentence Report," to which he answered "no."

court's decision is reviewed for plain error. United States v. Gonzalez-Ramirez, 477 F.3d 310, 311-12 (5th Cir. 2007); United States v. Martinez-Vega, 471 F.3d 559, 561 (5th Cir. 2006). "Under the plain-error standard, a defendant must establish error that is plain and affects substantial rights." Id. An error affects substantial rights if "the probability of a different result is sufficient to undermine confidence in the outcome." United States v. Dominguez-Benitez, 542 U.S. 74, 83 (2004) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). "If these conditions are met, an appellate court may exercise its discretion to notice the forfeited error only if 'the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Gonzalez-Ramirez, 477 F.3d at 312 (quoting United States v. Cotton, 535 U.S. 625, 631-32 (2002)).

"[W]here, as here, the enhancement provision does not specifically define the enumerated offense," we must define "sexual abuse of a minor" according to its "generic, contemporary meaning." United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir. 2004) (quoting Taylor v. United States, 495 U.S. 575, 598 (1990)). We then ask whether the statute of conviction—here, Texas Penal Code § 21.11(a)(1)—criminalizes conduct that falls outside the plain and contemporary meaning of "sexual abuse of a minor." "When comparing the state conviction with the generic, contemporary meaning of the crime, we examine the elements of the statute of conviction rather than the specifics of the defendant's conduct." United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006); see also United States v. Fernandez-Cusco, 447 F.3d 382, 385 (5th Cir. 2006). Additionally, the court looks "only to the particular subdivision of the statute under which the defendant was convicted." Fierro-Reyna, 466 F.3d at 327.

Texas Penal Code § 21.11 reads in relevant part:

(a) A person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person:

> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
>
> (2) with intent to arouse or gratify the sexual desire of any person:
>
> > (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; . . . .
>
> (b) It is an affirmative defense to prosecution under this section that the actor:
>
> > (1) was not more than three years older than the victim and of the  opposite sex; . . . .
>
> (c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> > (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
> >
> > (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

Najera concedes that his prior conviction was for violation of § 21.11(a)(1) specifically.  Thus, we must determine whether one commits "sexual abuse of a minor," according to the generic and contemporary meaning of that crime, if he makes "sexual contact" as defined in § 21.11(c) with an individual 16 years old or younger.

In United States v. Zavala-Sustaita, 214 F.3d 601 (5th Cir. 2000) this court held that a violation of § 21.11(a)(2)—the indecent exposure subsection of the statute—is necessarily a "crime of violence" for purposes of § 2L1.2.  The court's analysis focused on the three elements inherent in a violation of § 21.11(a)(2); that is, (1) whether the defendant's conduct involved a "child"; (2) whether that conduct was "sexual"; and (3) whether the sexual conduct was "abusive." Id. at

604-05. The court first concluded that, under generic-meaning analysis, a person younger than 17 years old is a "child." Second, the court concluded that exposure of one's genitals or anus is an act of a "sexual" nature. Third, the court noted that a child who is perversely subjected to exposure as described in paragraph (a)(2) may suffer psychological harm, thereby making the causal conduct "abusive."[2] Id. The court's holding in Zavala-Sustaita is dipositive here: if violation of § 21.11 (a)(2)—indecent exposure absent physical contact—ipso facto constitutes "sexual abuse of a minor," common sense dictates that an adult's sexual contact with a child as proscribed in § 21.11(a)(1) also constitutes "sexual abuse of a minor," and the district court's enhancement based on this conclusion was not error, plain or otherwise. Cf. Martinez-Vega, 471 F.3d at 562 ("If gratifying one's sexual desires while in the presence of a minor constitutes sexual abuse of a minor, then sexual assault of a child certainly constitutes sexual abuse of a minor.").

## B. Sixth Amendment Claim

Najera next argues the district court violated his Sixth Amendment rights when it treated his prior conviction as a sentencing factor rather than as an element of his offense. Najera admits his argument is foreclosed by the Supreme Court's decision in United States v. Almendarez-Torres, 523 U.S. 224 (1998), and our decision in Palacios-Quinonez, 431 F.3d 471 (5th Cir. 2005). He therefore

---

[2] In Zavala-Sustaita we construed "sexual abuse of a minor" as the phrase is used in 8 U.S.C. § 1101(a)(43), rather than § 2L1.2. Najera seizes on this fact, arguing that Zavala-Sustaita is off-point because we "construed the phrase . . . in a different statutory context." This is a distinction without a difference. Under the version of the Guidelines in effect when we decided Zavala-Sustaita, the Guideline Application Notes did not contain a list of enumerated offenses constituting crimes of violence for purposes of §2L1.2. Rather, the Notes adopted by reference the definition used in § 1101(a)(43), which included "sexual abuse of a minor." The relative placement of the enumerated offense makes no difference. That we, in Zavala-Sustaita, expounded the generic meaning of "sexual abuse of a minor" necessarily means that the resultant definition cannot be deemed statute-specific. Accordingly, we have invoked Zavala-Sustaita even after the Application Notes were amended in 2001 to exclude reference to § 1101(a)(42). See, e.g., United States v. Ramos-Sanchez, 483 F.3d 400, 402-03 (5th Cir. 2007).

raises the issue solely to preserve it for further review. We agree the argument is foreclosed and reject it.

### III. CONCLUSION

The district court did not err in treating Najera's prior conviction as a crime of violence under U.S.S.G. § 2L1.2, nor did it err in treating that prior conviction as a sentencing factor rather than as an element of his recent offense. The judgment of the district court is AFFIRMED.