# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-41001
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

OMAR GUADALUPE PEREZ-BARRA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-20-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Omar Guadalupe Perez-Barra appeals the sentence imposed following his guilty-plea conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326(a).

Perez-Barra challenges the imposition of an enhancement of sixteen offense levels pursuant to the United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii). This enhancement was based on a determination that Perez-Barra's prior conviction for indecency with a child under Texas Penal Code

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 21.11(a)(1) constituted "sexual abuse of a minor" and, thus, a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). We have previously held that a conviction for indecency with a child under Texas Penal Code § 21.11(a)(1) qualifies as a crime of violence. *United States v. Najera-Najera,* 519 F.3d 509, 512 (5th Cir. 2008).

Perez-Barra also argues that his sentence was unreasonable and that the district court failed to adequately explain his sentence. When, as in this case, a district court chooses to impose a sentence within a properly calculated guidelines range, that sentence is entitled to a presumption of reasonableness, *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007), and little explanation is required, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). We conclude that Perez-Barra has not rebutted the presumption of reasonableness and that the district court's explanation was sufficient.

AFFIRMED.