# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2010

Charles R. Fulbruge III
Clerk

No. 08-50580
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ENRIQUE GONZALEZ-DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-918-ALL

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Enrique Gonzalez-Davila appeals the sentence imposed following his guilty-plea conviction for being an alien found unlawfully in the United States after previously having been removed. *See* 8 U.S.C. § 1326. He contends the Government failed to provide sufficient evidence of a prior conviction to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support the 16-level enhancement to his Sentencing Guidelines offense level, imposed under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (prior conviction of crime of violence). Gonzalez also asserts he was denied effective assistance of counsel at sentencing because his attorney failed to object to this enhancement. (Although Gonzalez has completed his term of imprisonment, his appeal is *not* moot because he has not been deported and is currently serving a term of supervised release. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).)

Because Gonzalez did not object to the enhancement in the district court, review is only for plain error "based on the record before us as supplemented with the state-court documents" related to Gonzalez' prior conviction. *See United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir.), *cert. denied*, 129 S.Ct. 353 (2008). Reversible plain error exists where a clear or obvious error affects the defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we have discretion to correct such an error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

Guideline § 2L1.2 provides for a 16-level increase if the defendant has been previously convicted of a "crime of violence". U.S.S.G. § 2L1.2(b)(1)(A)(ii). State-court documents for Gonzalez' prior conviction, with which the Government has supplemented the record on appeal, show that he pleaded *nolo contendere* to a violation of TEX. PENAL CODE § 21.11(a)(1) (Indecency With a Child – Contact). This constitutes a felony of the second degree. *See* § 21.11(d). A conviction under this subsection constitutes a crime of violence under § 2L1.2. *See United States v. Najera-Najera*, 519 F.3d 509, 512 (5th Cir.), *cert. denied*, 129 S. Ct. 139 (2008). By providing the state-court documents, the Government has met its burden of proving by a preponderance of relevant and reliable evidence that Gonzalez was convicted of a crime of violence. *See United States v. Rodriguez*,

523 F.3d 519, 524 (5th Cir. 2008).  Obviously, Gonzalez has failed to show plain error.

The record is not sufficiently developed to permit consideration of Gonzalez' ineffective-assistance claim.  *See United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987) ("The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.").  Restated, this is not one of the "rare cases" where it is appropriate to resolve such a claim on direct appeal.  *See id.* at 314.  Accordingly, we decline to address the merits of the ineffective-assistance claim.  *See id.*

AFFIRMED.