# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60790

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALTON YOUNG,

Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi

Before JOLLY and ELROD, Circuit Judges, and RODRIGUEZ, District Judge.*

JENNIFER WALKER ELROD, Circuit Judge:

Alton Young appeals the district court's classification of Young as a Tier III sex offender based on his prior conviction for touching a child for lustful purposes in violation of Mississippi Code section 97–5–23. On appeal, Young argues that the district court should have applied the categorical approach in making its tier determination and, in doing so, found that the Mississippi statute criminalizes a broader range of conduct than the generic federal offenses that result in Tier III classification. Applying the categorical approach

---

* District Judge of the Western District of Texas, sitting by designation.

No. 16-60790

and concluding that the Mississippi statute and the federal offense of abusive sexual contact are comparable, we AFFIRM.

I.

On November 17, 2009, Alton Young was convicted of touching a child for lustful purposes in violation of section 97–5–23 of the Mississippi Code. As a result of his conviction, Young was required to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA). Young failed to register as a sex offender. On March 30, 2016, an arrest warrant was issued and executed for Young. On August 4, 2016, Young pleaded guilty to one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).

Prior to his sentencing, Young filed a written objection to the Presentence Investigation Report (PSR) prepared in his case. Specifically, Young objected to his classification as a Tier III sex offender based on his Mississippi conviction. Young asked the district court to apply the categorical approach and find the language of the Mississippi statute too broad to fall under the generic definitions called for by 42 U.S.C. § 16911, which defined a Tier III sex offender.[1] If scored as a Tier I offender, as Young requested, Young faced a recommended sentencing range of 10–16 months, as opposed to 18–24 months as a Tier III offender.

At sentencing, Young again argued against his classification as a Tier III offender. The government responded that Fifth Circuit precedent supports use of a circumstance-specific approach over a categorical approach, which would show the need for Young's Tier III classification.[2] With respect to the breadth

---

[1] Effective September 1, 2017, 42 U.S.C. § 16911 was transferred to 34 U.S.C. § 20911. *See* 42 U.S.C. § 16911. The relevant substance of the statute, however, remains the same.

[2] According to the indictment, Young's underlying conviction involved the touching of a 12-year-old girl's vagina when he was 45 years old. With these facts, if the district court were allowed to consider them, Young qualifies as a Tier III sex offender.

No. 16-60790

of Mississippi Code section 97–5–23, the government suggested it is in fact narrower than the federal statutes because under the federal statutes an individual could be convicted for touching to humiliate or degrade, while the Mississippi statute specifically requires that the touching be to satisfy lust or depraved sexual desires.

The district court agreed with the government's argument and overruled Young's objection. The district court accepted the PSR and sentenced Young to 24 months imprisonment and five years supervised release. Young appeals his sentence as a Tier III sex offender.

## II.

Section 2A3.5 of the United States Sentencing Guidelines sets forth three base offense levels for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). U.S. Sentencing Guidelines Manual § 2A3.5 (U.S. Sentencing Comm'n 2016). Each level corresponds with one of three offender tiers established under SORNA. *Id.* Included within the definition of a Tier III sex offender is "a sex offender whose offense is punishable by imprisonment for more than 1 year and (A) is comparable to or more severe than . . . (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911(4). Thus, if a state statute is comparable to or more severe than the federal offenses of aggravated sexual abuse, sexual abuse, or abusive sexual contact, a defendant with a prior conviction under that state statute will be subject to the Tier III base offense level. *See, e.g.*, *United States v. Coleman*, 681 F. App'x 413, 418 (5th Cir. 2017).

"For properly preserved claims, this court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo*." *Id.* (quoting *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014)).

No. 16-60790

III.

In the present case, the government appears to concede now that the categorical approach should be used in determining a sex offender's tier. In a recent opinion issued by this court, we addressed a question similar to the one at issue here: whether a Minnesota statute is "comparable to or more severe than" the federal offense of abusive sexual contact. *Coleman*, 681 F. App'x at 416–17. The court noted that "[i]f the Minnesota statute is comparable to the federal crime of abusive sexual contact, [the] analysis need not go any further because [the defendant] would qualify as a Tier III offender under either the categorical or circumstance-specific approach." *Id.* at 416. While the same is true here, in line with at least four other circuits, we follow the categorical approach in determining whether Mississippi Code section 97–5–23 is comparable to or more severe than the generic crimes listed in 34 U.S.C. § 20911(4)(A). *See United States v. Berry*, 814 F.3d 192, 197 (4th Cir. 2016); *United States v. Morales*, 801 F.3d 1, 4–6 (1st Cir. 2015); *United States v. White*, 782 F.3d 1118, 1130–35 (10th Cir. 2015); *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133–34 (9th Cir. 2014).

The relevant portion of Mississippi Code section 97–5–23 states as follows: "Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, or with any object, any child under the age of sixteen (16) years, with or without the child's consent, or a mentally defective, mentally incapacitated or physically helpless person as defined in [Mississippi Code] Section 97-3-97, shall be guilty of a felony . . . ." Miss. Code Ann. § 97-5-23. The government argues that this offense is comparable to abusive sexual contact as set forth in 18 U.S.C. § 2244.

4

No. 16-60790

"Sexual contact," as it is used in 18 U.S.C. § 2244, is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

Young argues that Mississippi Code section 97–5–23 is broader than the federal offense of abusive sexual contact because: (1) it criminalizes conduct beyond the touching of a particular list of body parts, in contrast to the federal offense, and includes touching with an object; and (2) it criminalizes conduct against a person under the age of 16 years, while 34 U.S.C. § 20911(4)(A)(ii) restricts the age of the victim to less than 13 years.

According to Young, the focus of his argument is "[t]he conduct being criminalized, i.e. the touching of the body parts." Young emphasizes that because a person could be convicted by lustfully touching any part of a child, "this could include a shoulder, an ear, or even a pinky toe." These are all body parts not listed in the federal statute, and thus, Young argues, the Mississippi statute is broader. In response, the government points to the intent element of the Mississippi statute, which requires that the touching be "for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires." According to the government, "[t]he assertion that one could be convicted of fondling or touching a child for lustful purposes by touching them on the shoulder, ear, or toe is a clever argument, but not a realistic one," as evidenced by the fact that Young failed to provide even one example of a Mississippi court applying section 97–5–23 in a way inconsistent with the touching described in the federal statute.

In *United States v. Castillo-Rivera*, 853 F.3d 218 (5th Cir. 2017) (en banc), we held that "[a] defendant who argues that a state statute is nongeneric cannot simply rest on plausible interpretations of statutory text made in a

5

vacuum." 853 F.3d at 222. "He must also show 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime.'" *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). Here, we agree with the government that Young has failed to show such a realistic probability.

While Young points to possible ways that conduct could fall within Mississippi Code section 97–5–23 but outside of the federal offense of abusive sexual contact, such as the lustful touching of a child's shoulder, ear, or toe, he has failed to establish a realistic probability that the State of Mississippi would apply its statute to such conduct. In fact, Young could not identify even a single case in which Mississippi has done so. And the cases Young provided are from different states and involve different statutes. *See, e.g.*, *People v. Calusinski*, 733 N.E.2d 420, 426 (Ill. App. Ct. 2000); *People v. Diaz*, 49 Cal. Rptr. 2d 252, 254 (Ct. App. 1996); *Cornelius v. State*, 445 S.E.2d 800, 804 (Ga. Ct. App. 1994). We do not find these persuasive. Nor do we agree with Young that the majority holding in *Castillo-Rivera* should not apply simply because this is a SORNA tier classification case and not an illegal reentry case. Young provides no reasons why this distinction between the cases makes a difference, nor can we find one.

Consequently, Young's argument that Mississippi Code section 97–5–23 is not comparable to the federal offense of sexual abusive contact fails. The relevant offenses contain comparable elements, even if the body parts that are the subject of the touching are specifically listed in the federal definition. *See Coleman*, 681 F. App'x at 418 (holding that the elements of a Minnesota statute are comparable to the elements of the federal crime of criminal sexual abuse "even if the Minnesota statute has been applied to a slightly broader range of conduct").

With respect to Young's second point regarding the victim's age, because Young explicitly waived this argument both in his written objection to the PSR and at sentencing, we do not review it. "Waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). "Waived errors are unreviewable." *United States v. Rodriguez*, 602 F.3d 346, 350 (5th Cir. 2010). Here, in Young's written objection, he stated he "raise[d] no argument with respect to the age requirements of the state and federal statutes involved in the analysis." At sentencing, after discussing the difference between the Mississippi statute and 34 U.S.C. § 20911(4)(A)(ii) regarding the victim's age, Young again said he was "not raising any argument to that effect." We take these statements as an intentional relinquishment of Young's right to appeal his sentence on this basis. Thus, we will not discuss it.

We do note, however, that this opinion should not be read as holding that the categorical approach applies both when comparing prior convictions with the generic offenses listed under 34 U.S.C. § 20911(4) and when it comes to the specific circumstance of the victims' ages. Other circuits have handled these parts of 34 U.S.C. § 20911 differently. *See, e.g.*, *White*, 782 F.3d at 1133–35 ("In light of the text of the statute, its legislative history, and these practical and equitable concerns, we conclude Congress intended courts to apply a categorical approach to sex offender tier classifications designated by reference to a specific federal criminal statute, but to employ a circumstance-specific comparison for the limited purpose of determining the victim's age."); *see also Berry*, 814 F.3d at 197 (reaching the same conclusion as the Tenth Circuit in *White*); *cf. United States v. Gonzalez-Medina*, 757 F.3d 425, 432 (5th Cir. 2014) (holding that "the language, structure, and broad purpose of SORNA all indicate that Congress intended a non-categorical approach to the age-

No. 16-60790

differential determination in [34 U.S.C. § 20911(5)(C)]").  We save discussion of any argument on this point for a day when it is properly raised.

IV.

Having determined that the district court correctly classified Young as a Tier III offender, we AFFIRM his sentence.