# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2023

Lyle W. Cayce
Clerk

No. 21-11135

United States of America,

*Plaintiff—Appellee*,

*versus*

Eric Grzywinski,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-578-1

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

Eric Grzywinski appeals his 45-year sentence for attempting to produce child pornography. The district court enhanced his sentence based on Grzywinski's prior aggravated sexual assault of a child under Texas law. Grzywinski contests the enhancement because, while the Texas crime can be committed against minors up to 16 years old, he claims the federal predicate offense only includes victims younger than 16. We disagree. The federal enhancement statute at issue, 18 U.S.C. § 2251(e), specifically allows increased sentences for state sex crimes against minors up to 17 years old. *See* 18 U.S.C. § 2256(1). We therefore affirm Grzywinski's sentence.

I.

Grzywinski pled guilty of attempting to produce child pornography in violation of 18 U.S.C. § 2251(a).[1] Grzywinski admitted he repeatedly texted a 15-year-old girl asking her to send him sexually explicit photos of herself. His written plea agreement advised that he could be subject to an enhanced prison sentence under § 2251(e). That section generally imposes 15–30 years of imprisonment. But the sentence climbs to 25–50 years if, as relevant here, the defendant has one prior conviction under a state law "relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children." § 2251(e).[2] According to his presentence report (PSR), Grzywinski qualified for this enhancement because, *inter alia*, he previously pled guilty in Texas of aggravated sexual assault of a child in violation of Texas Penal Code § 22.021.[3]

At sentencing, Grzywinski's lawyer did not object to the PSR, acknowledged that Grzywinski understood he was facing a 25-year minimum and asked that the sentence run concurrently with his state sentences. The government argued that 25 years were inadequate given Grzywinski's criminal history and asked for 30–35 years instead. The district court adopted the PSR's findings and imposed a sentence of 45 years, to run concurrently

---

[1] All statutory references are to Title 18 of the U.S. Code unless otherwise noted.

[2] The term climbs to 35 years to life if the defendant has two or more prior convictions, *inter alia*, "under the laws of any State relating to the sexual exploitation of children." *Ibid.*

[3] The aggravated sexual assault charge accused Grzywinski of performing oral sex on a 7-year-old boy he was babysitting. *See* Tex. Penal Code § 22.021(a)(1)(B)(iii) & (a)(2)(B). The PSR also reported that Grzywinski pled guilty of three charges of indecency with a child, in violation of Texas Penal Code § 22.11. Two of the indecency charges accused Grzywinski of exposing himself to two children under seventeen. The third accused him of rubbing the genitals of a 7-year-old girl and exposing himself while bathing the child without her parents' permission.

with Grzywinski's state sentences. Grzywinski timely appealed, contending his sentence was erroneously enhanced under § 2251(e).[4]

## II.

Because Grzywinski concedes he did not object to the § 2251(e) enhancement, plain error review applies. *United States v. Najera-Najera*, 519 F.3d 509, 510 (5th Cir. 2008). So, we will reverse only if Grzywinski shows "error that is plain and affects [his] substantial rights, and even then, only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moya*, 18 F.4th 480, 483 (5th Cir. 2021) (cleaned up) (citation omitted); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009); Fed. R. Crim. P. 52(b).

Grzywinski contests the standard of review, citing cases that *de novo* review sentences "exceed[ing] the statutory maximum," even when the error was unpreserved.[5] But even if we apply plain error, he urges us to do so "with special sensitivity to the injustice and separation of powers concerns" created by such sentences. These arguments are meritless. Grzywinski's appeal does not concern a sentence that may exceed a statutory maximum. It concerns whether a sentencing enhancement was correctly applied. In such a case, failing to object to the enhancement calls for plain error review. *See Najera-Najera*, 519 F.3d at 510 ("[B]ecause Najera did not object to the basis

---

[4] Grzywinski's plea agreement waived his right to "appeal the . . . sentence," while reserving his right to appeal "a sentence exceeding the statutory maximum punishment." Grzywinski argues this appeal falls within that reservation. The government's brief does not mention the appeal waiver, so we will consider the appeal. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006) (court may hear an appeal if the government chooses not to enforce appeal waiver). We express no opinion about whether the appeal waiver would apply, had the government sought to enforce it.

[5] *See United States v. Del Barrio*, 427 F.3d 280, 282 (5th Cir. 2005) (while unpreserved error "generally results in plain error review," "we review *de novo* a sentence that allegedly exceeds the statutory maximum term") (citing *United States v. Ferguson*, 369 F.3d 847, 849 (5th Cir. 2004)); *see also United States v. Simpson*, 796 F.3d 548, 553 (5th Cir. 2015) (same).

of enhancement, the district court's decision is reviewed for plain error."); *see also, e.g.*, *United States v. Sanchez-Arvizu*, 893 F.3d 312, 315 (5th Cir. 2018) (same).

In any event, the standard of review does not matter. As explained below, the district court correctly applied the § 2251(e) enhancement, so there was no error, plain or otherwise.

## III.

Grzywinski contends his Texas conviction for aggravated sexual assault of a child[6] does not qualify as a prior conviction under § 2251(e). That provision reads, in relevant part:

> [I]f [the defendant] has one prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be . . . imprisoned for not less than 25 years nor more than 50 years . . . .

§ 2251(e). Principally, Grzywinski claims that the relevant predicate crime in § 2251(e) ("abusive sexual contact involving a minor or ward") applies only to victims under age 16, whereas the Texas statute applies to victims under age 17. *See* Tex. Penal Code § 22.011(c)(1) (defining "child" as "a person younger than 17 years of age"). On that basis, Grzywinski argues that the Texas offense is broader than the federal predicate and so cannot serve as an enhancing offense under § 2251(e). We disagree.

---

[6] Specifically, Grzywinski pled guilty of "intentionally or knowingly . . . caus[ing] the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor," where "the victim is younger than 14 years of age, regardless of whether the person knows the age of the victim at the time of the offense." Tex. Penal Code § 22.021(a)(1)(B)(iii) & (a)(2)(B).

To assess whether the Texas offense triggers the § 2251(e) enhancement, we employ a "categorical approach." *See Descamps v. United States*, 570 U.S. 254, 260–61 (2013); *Taylor v. United States*, 495 U.S. 575, 600–02 (1990); *see also, e.g.*, *United States v. Enrique-Ascencio*, 857 F.3d 668, 676 (5th Cir. 2017). Under that approach, the facts underlying Grzywinski's Texas conviction are irrelevant. "All that matters is whether the elements of [his Texas] crime match the elements of [the predicate offense under § 2251(e)]." *United States v. Navarro*, 54 F.4th 268, 279 (5th Cir. 2022) (citing *Descamps*, 570 U.S. at 260–61). The Texas statute would not match § 2251(e) if it "criminalizes more conduct than [§ 2251(e)] would reach by its terms." *Ibid.* (citing *United States v. Montgomery*, 966 F.3d 335, 338 (5th Cir. 2020)). So, put in terms of the categorical approach, Grzywinski's basic argument is this: because the Texas statute applies to 16-year-old victims, it criminalizes more conduct than § 2251(e), which he claims applies only to 15-year-old victims.

We reject this argument. Section 2251(e) is located in Chapter 110 of Title 18. "For the purposes of [Chapter 110]," the term "'minor' means any person under the age of eighteen years." § 2256(1). So, it is not true that the Texas statute "sweeps more broadly" than § 2251(e). *Descamps*, 570 U.S. at 261. To the contrary, it sweeps more *narrowly*. The Texas crime applies to victims who are 16 years old and younger, whereas the predicate federal offense extends to 17-year-old victims. *See id.* at 257 (prior conviction qualifies if elements are "narrower than" the federal offense). Consequently, Grzywinski's Texas conviction for aggravated sexual assault of a child qualifies as an enhancing offense under § 2251(e).[7]

---

[7] *Accord United States v. Bennett*, 824 F. App'x 236, 238 (5th Cir. 2020) (unpublished), *cert. denied*, 141 S. Ct. 1109 (2021) (given § 2256(1)'s definition of "minor," no plain error in basing § 2251(e) enhancement on Texas crime of indecency with a child, which applies to 16-year-old victims); *United States v. Hardin*, 998 F.3d 582, 586–87 (4th

In response, Grzywinski relies heavily on *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), which held that the generic federal offense of "sexual abuse of a minor" applies only to victims under 16. Grzywinski misreads that decision, however. *Esquivel-Quintana* addressed whether an alien's state statutory rape conviction qualified as "sexual abuse of a minor" under a federal immigration law authorizing removability for that offense. *See* 137 S. Ct. at 1567 (discussing 8 U.S.C. § 1101(a)(43)(A)). The offense was undefined, however, so the Supreme Court had to infer its generic definition from statutory context and analogous state laws. *See id.* at 1569–72. In light of those sources, the Court held that, "in the context of statutory rape offenses focused solely on the age of the participants, the generic federal definition of 'sexual abuse of a minor' under § 1101(a)(43)(A) requires the age of the victim to be less than 16." *Id.* at 1572–73.

*Esquivel-Quintana* does not control here. One of our unpublished decisions recently explained why. "Unlike the immigration statute at issue in *Esquivel-Quintana*, 18 U.S.C. § 2256 unambiguously defines 'minor', as used in § 2251(e), as 'any person under the age of eighteen years.'" *United States v. Bennett*, 824 F. App'x 236, 238 (5th Cir. 2020) (unpublished), *cert. denied*, 141 S. Ct. 1109 (2021). We adopt that reasoning. *Accord United States v. Hardin*, 998 F.3d 582, 590 (4th Cir. 2021) (holding *Esquivel-Quintana* "does not control [the] analysis" of a similar enhancement provision because it "was interpreting an entirely different statute—the INA, which does not define 'minor'"). We are not dealing here with a generic federal definition of "sexual abuse of a minor," but with a statutory definition. *See* § 2256(1). And that definition confirms that the Texas offense at issue does not criminalize more conduct that the federal predicate in § 2251(e).

---

Cir. 2021) (same result under similar Chapter 110 enhancement with respect to Tennessee statutory rape offense, which applies to 17-year-old victims).

Grzywinski also tries to support his argument by citing several of our decisions, but none help him. Each merely applies *Esquivel-Quintana* to supply the generic definition of "sexual abuse of a minor" to a federal sentencing enhancement that does not define the term.[8] As explained, those cases are unlike this one because the pertinent enhancement here incorporates a definition of "minor" that eliminates any problem under the categorical approach. *See* §§ 2251(e), 2256(1); *see also Bennett*, 824 F. App'x at 238; *Hardin*, 998 F.3d at 590.

We see no error, plain or otherwise, in the district court's decision that Grzywinski's prior commission of aggravated sexual assault of a minor under Texas law qualified him for an enhanced sentence under § 2251(e).[9]

## IV.

The district court's judgment is AFFIRMED.

---

[8] *See Sanchez-Arvizu*, 893 F.3d at 315 (under *Esquivel-Quintana*, Texas indecency with a child cannot trigger similar enhancement under 2015 version of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Texas crime applies to 16-year-old victims); *United States v. Hernandez-Avila*, 892 F.3d 771, 773 (5th Cir. 2018) (under *Esquivel-Quintana*, Texas sexual assault of a minor cannot trigger similar enhancement under 2015 version of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Texas crime applies to 16-year-old victims); *Shroff v. Sessions*, 890 F.3d 542, 545–46 (5th Cir. 2018) (under *Esquivel-Quintana*, Texas online solicitation of a minor cannot trigger immigration removal provision in 8 U.S.C. § 1101(a)(43)(A)—the same one in *Esquivel-Quintana*—because Texas crime applies to 16-year-old victims); *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (finding Tennessee's statutory rape statute "does not qualify either as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) or as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii)" because "the age of consent in Tennessee is 18").

[9] Because we resolve the appeal on this basis, we need not engage in the "modified" categorical approach. *See Descamps*, 570 U.S. at 261. So, we do not decide whether the Texas statute is divisible and, if so, under which part Grzywinski pled guilty. *See United States v. Castro-Alfonso*, 841 F.3d 292, 297 n.2 (5th Cir. 2016) (declining to analyze divisibility where defendant's arguments failed under the categorical approach).