# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60431

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Brett Northington,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:20-CR-43-1

_____

Before Clement, Elrod, and Willett, *Circuit Judges*.
Jennifer Walker Elrod, *Circuit Judge*:

Brett Northington pleaded guilty to production of child pornography. On appeal, he challenges the district court's application of a sentence enhancement pursuant to 18 U.S.C. § 2251(e), based on his prior conviction for fondling a child, also referred to as lustful touching of a child. *See* Miss. Code Ann. § 97-5-23. Because we conclude that the district court did not err in applying the enhancement, we AFFIRM Northington's sentence.

No. 22-60431

# I

In July of 2020, Department of Homeland Security agents received information that Northington had shared six sexually explicit images and one video of a minor child, later identified as Northington's six-year-old autistic granddaughter. When executing a search warrant at Northington's residence, the agents discovered various child erotica images, images of child pornography, and a telephone with the instant messaging application installed that Northington had used to share the pictures of his granddaughter.

Northington subsequently pleaded guilty to producing child pornography, in violation of § 2251(a). Northington had previously been convicted in Mississippi for fondling a child, also referred to as lustful touching of a child. *See* Miss. Code Ann. § 97-5-23. According to the state-court indictment in that case, when sharing a hotel room with his seventeen-year-old stepdaughter, Northington "got on top of her in bed," "kissed and sucked on her breast," and inappropriately touched her. That stepdaughter is the mother of the six-year-old victim in the instant offense.

Due to that prior Mississippi conviction, Northington's presentence investigation report applied an enhancement pursuant to § 2251(e). Northington filed an objection, arguing that the Mississippi offense was overbroad and could not qualify as a predicate conviction for purposes of the enhancement. The district court overruled Northington's objection, concluding that this court's precedent foreclosed Northington's challenge.

Northington's total offense level was calculated at 41, which, with a criminal history score of V, resulted in an initial Guidelines sentencing range

No. 22-60431

of 360 months to life.[1] But because the statutory maximum is 50 years, the final Guideline range was calculated at 360 to 600 months. The district court ultimately sentenced Northington to 360 months of imprisonment to be followed by a lifetime term of supervised release.

The question on appeal is whether Northington's Mississippi conviction triggers a § 2251(e) enhancement. That is, whether his prior conviction is too broad to qualify as a "prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse [or] abusive sexual contact involving a minor or ward," within the meaning of 18 U.S.C. § 2251(e).

## II

We review questions of statutory interpretation *de novo*. *United States v. Knowlton*, 993 F.3d 354, 357 (5th Cir. 2021). We give the words their ordinary, plain meaning, and enforce statutory language unless it is ambiguous. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010). The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole. *Cargill v. Garland,* 57 F.4th 447, 461 (5th Cir. 2023) (en banc), *petition for cert. filed.* (Apr 07, 2023) (No. 22-976); *Huntington Ingalls, Inc. v. Dir., Off. of Workers' Comp. Programs*, 70 F.4th 245, 250 (5th Cir. 2023). If the ordinary tools of statutory construction fail to establish that the Government's construction of a criminal statute is unambiguously correct, the rule of lenity resolves the ambiguity in a defendant's favor. *Cargill,* 57 F.4th at 469; *United States v. Hamilton*, 46 F.4th 389,

---

[1] Northington's only prior conviction was the 2003 Mississippi conviction, which would ordinarily result in a criminal history score of zero, but his criminal history score was increased due to his classification as a repeat and dangerous sex offender against minors. *See* U.S. Sent'g Guidelines Manual § 4B1.5.

398 n.2 (5th Cir. 2022). *See also* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 296.

### III

Section 2251 sets forth the offenses that involve the production and distribution of child pornography. *See* 18 U.S.C. § 2251(a)-(d). It also includes a subsection that sets forth the presumptive penalty and provides for enhancements for one or more qualifying prior criminal convictions. *See* § 2251(e). First-time offenders with no prior convictions have a sentencing range of 15 to 30 years imprisonment. § 2251(e). Defendants with prior convictions, however, receive an enhanced range:

> If [the defendant] has one prior conviction under this chapter, [18 U.S.C. § 1591], [other enumerated federal offenses], or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years.

§ 2251(e).

The question before us is whether Northington's prior Mississippi conviction is a "prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward." § 2251(e).

Northington's Mississippi conviction was for fondling a child, also referred to as lustful touching of a child. *See* Miss. Code Ann. § 97-5-23. At the time of Northington's conviction in 2003, § 97-5-23 prohibited a person over the age of 18 from:

> 1) "handl[ing], touch[ing] or rub[bing] with hands or any part of his or her body or any member thereof";
>
> 2) "any child younger than himself or herself and under the age of [18] who [was] not such person's spouse, with or without the child's consent";
>
> 3) when the person occupies a position of trust or authority over the child";
>
> 4) if the proscribed contact was made "for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires."

§ 97-5-23(2) (2003).

To assess whether Northington's conviction under § 97-5-23 triggers a § 2251(e) enhancement, we use the categorical approach. *United States v. Grzywinski*, 57 F.4th 237, 239 (5th Cir. 2023), *petition for cert. filed* (U.S. Apr. 4, 2023) (No. 22-7237). Under this approach, we look only at the elements of the offense. *Id.* If the elements of the state offense match the elements of the predicate offense specified in § 2251(e), the state conviction qualifies. *Id.* If the state offense criminalizes more conduct than § 2251(e) would reach by its terms, it does not. *Id.*

## A

We first address the district court's determination that this court's decision in *United States v. Young*, 872 F.3d 742 (5th Cir. 2017), controls. In *Young* we held that the Mississippi statute prohibiting the lustful touching of a child was categorically comparable to the federal statute criminalizing abusive sexual contact for purposes of determining registration requirements under the Sex Offender Registration and Notification Act. *Id.* at 747. The statute at issue in *Young* specifically incorporates the definition of abusive sexual contact set forth in 18 U.S.C. § 2244. *See* 34 U.S.C. § 20911. So, when the *Young* court was determining whether the Mississippi statute was

No. 22-60431

overbroad, it analyzed whether that statute mirrored the identified federal offense of abusive sexual contact. Because the enhancement here does not incorporate any federal offenses, we agree with Northington that *Young* is distinguishable.

**B**

Northington's prior Mississippi conviction will trigger the § 2251(e) enhancement if that prior conviction is related to "aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward." This court has yet to address how those offenses are defined under § 2251(e)—whether it be by their generic meaning or by reference to an existing federal offense. When interpreting enhancements, we "properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." *United States v. Zavala-Sustaita*, 214 F.3d 601, 603 (5th Cir. 2000) (internal quotation marks omitted).

Notably, the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual contact involving a minor or ward" are not defined in Chapter 110, the chapter containing this enhancement. *See* §§ 2251, 2256. In fact, the only word defined in Chapter 110 that is relevant to our inquiry is "minor," defined as someone under the age of eighteen. 18 U.S.C. § 2256(1). Nor is there any indication that § 2251(e) incorporates the elements of an offense provided for elsewhere in the federal code.

That being said, the Chapter immediately preceding Chapter 110 does set forth the federal offenses of aggravated sexual abuse, sexual abuse, sexual abuse of a minor or ward, and abusive sexual contact. *See* 18 U.S.C. §§ 2241, 2242, 2243, 2244. The parties discuss whether, given the chapters' respective placements, the Chapter 109A definitions should be imported into Chapter 110. We have previously rejected this approach. *United States v.*

*Hubbard*, 480 F.3d 341, 348 (5th Cir. 2007) (holding, with respect to a related provision, that Congress did not import elements of offenses from neighboring statutes by employing the generic words associated with those offenses).

When interpreting § 2252A(b)(1), an enhancement also located in Chapter 110, this court was "not persuaded . . . that Congress intended to import the elements of the offenses delineated in these sections of chapter 109A into [a Chapter 110 enhancement]." *Hubbard*, 480 F.3d at 348. *See also id.* (reasoning that "it appears that Congress intended the terms 'aggravated sexual abuse, sexual abuse, or abusive sexual conduct' to be generic terms, describing generic offenses").

Our sister circuits have reached similar conclusions and rejected the importation of Chapter 109A definitions into Chapter 110. *See, e.g.*, *United States v. Gilbert*, 425 F. App'x 212, 216 (4th Cir. 2011) (refusing to import the definitions of Chapter 109A into Chapter 110 in the context of the § 2252A(b)(1) enhancement); *United States v. Sonnenberg*, 556 F.3d 667, 670 (8th Cir. 2009) (same); *United States v. Sinerius*, 504 F.3d 737, 742 (9th Cir. 2007) (same); *United States v. Barker*, 723 F.3d 315 (2d Cir. 2013) (same); *United States v. Portanova*, 961 F.3d 252, 259-60 (3d Cir. 2020) (using the other provisions of the federal code as a "starting point," but acknowledging that the Chapter 110 enhancements are not "cabin[ed]" by any "explicit reference" to another federal provision). *But see United States v. Osborne*, 551 F.3d 718, 720 (7th Cir. 2009) (turning to other provisions of the federal code, including Chapter 109A, when formulating the definitions of terms in Chapter 110).

Given this precedent and the lack of any explicit incorporation of federal offenses, we conclude that "aggravated sexual abuse," "sexual abuse," and "abusive sexual contact involving a minor or ward," as used in

§ 2251(e), are generic terms that were not intended to require the state offense to mirror an offense under 18 U.S.C. §§ 2241, 2242, 2243, or 2244. *See Zavala-Sustaita*, 214 F.3d at 606 (concluding that "sexual abuse of a minor" as used in 8 U.S.C. § 1103(a), should not be limited to the federal offense proscribed in 18 U.S.C. § 2243 in part because Congress had not specifically referenced any other provisions of the United States Code when defining the term); *see also United States v. Najera-Najera,* 519 F.3d 509, 511 (5th Cir. 2008) ("Where, as here, the enhancement provision does not specifically define the enumerated offense, we must define 'sexual abuse of a minor' according to its generic, contemporary meaning."(internal quotation marks and alterations omitted)).

## C

The final step in our inquiry is to determine whether Northington's prior conviction falls outside the plain and contemporary meaning of "abusive sexual contact involving a minor or ward."  Given the dearth of precedent on this issue, we turn to our precedent defining "sexual abuse of a minor" for guidance.

When defining "sexual abuse of a minor," this court's analysis has focused on three elements:

> (1) whether the defendant's conduct involved a child;
>
> (2) whether the conduct was sexual; and
>
> (3) whether the sexual conduct was abusive.

*Najera-Najera*, 519 F.3d at 511.

As for the first element, the statute supplies the definition of minor. "For the purposes of [Chapter 110], the term— 'minor' means any person under the age of eighteen years." § 2256(1).

Second, we have previously held that "[t]here is almost no controversy over deciding what 'sexual' means." *United States v. Cortez-Cortez*, 770 F.3d 355, 358 (5th Cir. 2014) (quoting *Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014)).  An offense is "sexual" if the proscribed conduct has "sexual arousal or gratification as its purpose." *Id.* (quoting *United States v. Izaguirre-Flores*, 405 F.3d 270, 275 (5th Cir. 2005)).

The third element, "abuse," means to "take unfair or undue advantage of," or "to use or treat so as to injure, hurt, or damage." *Izaguirre-Flores*, 405 F.3d at 275 (quoting Webster's Third New International Dictionary 8 (1986)).  There can be abuse without physical contact "because of the psychological harm inflicted irrespective of the presence of physical injury." *Zavala-Sustaita*, 214 F.3d at 605.

The only phrase left undefined by our caselaw in this context is "contact."  The American Heritage Dictionary defines contact as a "coming together or touching."  American Heritage Dictionary 315 (1982).

We conclude that the Mississippi statute relates to "abusive sexual contact involving a minor or ward," as defined under § 2251(e), because the statute proscribes conduct that: (1) involves a child; (2) is sexual in nature; (3) is abusive; and (4) involves physical contact.

The Mississippi statute only criminalizes conduct involving a child under the age of 18, and so the first element is met.  The conduct prescribed by the statute meets the definition of "sexual" because the statute requires intent to "gratify[] . . . lust, or indulg[e] . . . depraved licentious sexual desires." *Cf. Izaguirre-Flores*, 405 F.3d at 275 ("Gratifying or arousing one's sexual desires in the actual or constructive presence of a child is sexual abuse of a minor.").  Because the statute also proscribes conduct involving "handl[ing], touch[ing] or rub[bing]," it meets the generic definitions of "abuse" and "contact" as well. *Cf. Najera-Najera*, 519 F.3d at 512

(concluding that if indecent exposure absent physical contact constitutes "sexual abuse of a minor," then it is "common sense" that conduct involving physical contact would also constitute "sexual abuse of a minor"); s*ee also Zavala-Sustaita*, 214 F.3d at 605 (concluding that indecent exposure, even absent physical contact, constitutes "sexual abuse of a child" for purposes of § 2L1.2). Finally, because there is no ambiguity as to the enhancements' application, the rule of lenity is inapplicable.[2]

\* \* \*

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[2] Northington argues that the Mississippi statute sweeps more broadly than the generic definition of "abusive sexual contact involving a minor or ward" because the statute does not require genital contact. We disagree. Nothing in § 2251(e) suggests that the enhancement only applies to predicate offenses involving genital contact as an element.